UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60371-CIV-ZLOCH

JANICE CHRISTENSEN,

    Plaintiff,

vs.  **FINAL ORDER OF REMAND**

MENTOR CORPORATION, a Minnesota
Corporation, CLEVELAND CLINIC
FLORIDA, a Florida Corporation,
PRO SURG, INC., a California
Corporation, and TUTOGEN MEDICAL,
INC., a Florida Corporation,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Janice Christensen's Motion For Remand (DE 8). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Janice Christensen initiated this action in the Seventeenth Judicial Circuit, in Broward County, Florida. Defendant Mentor Corporation (hereinafter "Mentor") timely filed a Notice Of Removal (DE 1), wherein it alleged that this action would otherwise properly be brought in federal court pursuant to this Court's diversity jurisdiction. 28 U.S.C. § 1332 (2006).

    Any civil case filed in a state court may be removed by a defendant to federal court if the federal court has original jurisdiction over the case. Ayres v. General Motors Corp., 234 F.3d 514, 517 (11th Cir. 2000). A federal court has jurisdiction if diversity of citizenship exists, and the amount in controversy

exceeds $75,000.00. 28 U.S.C. § 1332 (2006). In this case, Mentor argues that diversity of citizenship exists between the Parties, given that Defendants Pro Surg, Inc. (hereinafter "Pro Surg"), Tutogen Medical, Inc. (hereinafter "Tutogen"), and Cleveland Clinic Florida (hereinafter the "Clinic") were fraudulently joined in an effort to defeat diversity jurisdiction. It is well established that a party may not be fraudulently joined in an effort to stifle another party's right to be in federal court. Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005). Federal courts have to strike a balance between sanctioning devices "intended to prevent a removal to a Federal court where one has that right," and vigilantly trying "to protect [a party's] right to proceed in Federal court." Wrecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907).

To properly remove an action, no defendant can be a citizen of the state in which the action was brought. Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001). However, if there is no possibility that the plaintiff can establish a cause of action against such an in-state defendant, a federal court may dismiss it as fraudulently joined and retain jurisdiction over the properly joined parties. Id. The test for determining whether a defendant has been fraudulently joined is twofold: (1) determining whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) determining whether plaintiff has fraudulently pled jurisdictional facts in

2

order to bring the resident defendant into state court. <u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006); <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997). Under the first element, both the factual and legal possibility of Plaintiff stating a cause of action must be eliminated to dismiss a defendant as being fraudulently joined. When a court makes this determination, factual allegations are viewed in the light most favorable to plaintiff "based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." <u>Legg v. Wyeth</u>, 428 F.3d at 1322 (quotation omitted) (emphasis removed). And any uncertainties about state substantive law are resolved in the plaintiff's favor. <u>Id.</u> At all times the removing party bears the heavy burden of establishing by clear and convincing evidence that the plaintiff has fraudulently joined the non-diverse parties. <u>See</u> <u>id.</u> at 1538; <u>Florence v. Crescent Resources, LLC</u>, 484 F.3d 1293, 1297, n.2 (11th Cir. 2007); <u>see also</u> <u>Henderson</u>, 454 F.3d at 1281 ("The defendant must make such a showing by clear and convincing evidence.").

Essentially, the Court looks to whether Plaintiff has alleged a colorable claim under state law. <u>Legg</u>, 428 F.3d at 1323 n.5. That is, the Court must determine whether the facts and conclusions of law clearly establish that the plaintiff cannot state a claim against the allegedly fraudulently joined defendant. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the defendants, the

3

federal court must find that the joinder was proper and remand the case to the state court." Tillman, 253 F.3d at 1305 (quotation omitted).

In this action, Plaintiff alleges Defendants are liable under a theory of strict liability for injuries she suffered from the surgical implant of a device called "ObTape." DE 1, Ex. D. The dispositive issue is whether Defendant Cleveland Clinic Florida has been fraudulently joined. In the Notice Of Removal (DE 1) and in its Response (DE 9) to the instant Motion, Mentor frames the Clinic's involvement in this suit as that of a hospital where Plaintiff's surgery was performed. E.g. DE 9, p. 2. Mentor argues persuasively and correctly that under Florida law a hospital cannot be joined as a defendant to a strict-liability action for a product that was rendered in a surgical procedure when the services could not have been rendered without utilizing the product. Porter v. Rosenberg, 650 So.2d 79, 82-83 (Fla. Dist. Ct. App. 1995); Goldberg v. N. Miami Gen. Hosp., 520 So. 2d 650, 652 (Fla. Dist. Ct. App. 1988); NME Hosp., Inc. v. Azzarti, 573 So. 2d 173 (Fla. Dist. Ct. App. 1991).[1] When a patient is harmed by a defective product used in surgery, her claim is properly brought under Florida's medical malpractice statutes, not under a theory of strict liability. Rosenberg, 650 So. 2d at 82-83.

Mentor's position on the law is correct if it is established

---

[1] The Court notes that each of the Florida State cases frames the test differently. However, as acknowledged in Rosenberg the effect is the same. Rosenberg, 650 So.2d at 82-83.

that the Clinic is where the ObTape implant took place, and the predominant purpose of the procedure was the ObTape implant. Id. at 83 (noting the predominant purpose test). Facts informing the Court on those points would allow it to determine whether "the medical services could not have been rendered without utilizing the product." Id. If so, then a theory of strict liability cannot be applied, and the Clinic is, for purposes of this analysis, fraudulently joined.

As noted above, the determination of this issue is not based solely on the pleadings. The Court can "pierce the pleadings" and consider evidence normally brought at the summary judgment stage. Wright, Miller, Cooper, 14 Federal Practice and Procedure, § 3641 n.47.1 (West Supp. 2008); Legg, 428 F.3d at 1322-23. In fact, Mentor has supplied Affidavits concerning the improper joinder of Pro Surg and Tutogen in this action. However, there is nothing in the Record to support a finding that the Clinic was the hospital where the surgery was performed or that Plaintiff's relationship with the Clinic did not stretch beyond surgically implanting the ObTape. Nothing in the Complaint, Answer, or Affidavits establish, let alone suggest, that the Clinic was the hospital where the procedure took place, or any other facts that would permit the Court to determine whether the Clinic was fraudulently joined.

The Complaint alleges that the Clinic was involved as a seller, distributor, or marketer of the ObTape; it does not allege that the Clinic is a hospital, nor does it allege that Plaintiff's

5

surgery took place there. See DE 1, Ex. A, ¶¶ 17-28. In Mentor's Answer, it denies but does not correct the allegations concerning the Clinic's involvement in Plaintiff's injuries or the distribution of the ObTape. The awkwardly drafted allegation in paragraph 21 of the Complaint also fails to suggest let alone establish the requisite facts.

In addition, while the Affidavits supplied by Defendant conclusively establish that Pro Surg, Inc. and Tutogen Medical, Inc. did not distribute or market ObTape, they do not address the Clinic, and whether it was involved in the same. Paragraph 4 of Emily Daley's Affidavit contains a broad statement that "Mentor was the only entity in the United States engaged in the business of marketing, selling, and distributing of ObTape Sling." DE 1, Ex. A, ¶ 4. While this statement would suggest that the Clinic was not such a marketer, seller, or distributor of ObTabe, the following two paragraphs refer only to Pro Surg and Tutogen. Id. ¶¶ 5-6. The general statement of paragraph 4 is not followed by any specific allegations concerning the Clinic. Indeed, the Clinic is not mentioned in any of Mentor's Affidavits, and Mentor does not cite to Daley's Affidavit to support its position that the Clinic was fraudulently joined. See DE 1, ¶ 10. There is nothing in it that suggests the Clinic is the hospital where Plaintiff's surgery took place and that the medical services could not have been rendered without utilizing the ObTape. Therefore, Daley's

6

Affidavit fails to establish facts by clear and convincing evidence necessary for the Court find that the Clinic was fraudulently joined.

Mentor's Notice of Removal and Response, though entirely correct on the law, assume facts not in evidence: namely, that Plaintiff's surgery was performed at the Cleveland Clinic and that it did not sell the ObTape directly to Plaintiff, but rather used it as part of the procedure performed there.  Without clear and convincing evidence establishing the same, Mentor's legal contentions cannot prevail over Plaintiff's right to choose her forum and the necessary presumption that the named Defendants are proper Parties to this action.  Legg, 428 F.3d at 1323; see also Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."), superceded by statute on other grounds as stated in Wilson v. General Motors Corp., 888 F.2d 779 (11th Cir. 1989).

Therefore, the Court shall grant the instant Motion and remand the above-styled cause, because it can not exercise jurisdiction over an action that lacks complete diversity of citizenship among the Parties.  Although the Court finds that Mentor's argument was well supported by the law, for the reasons stated above it is

7

factually deficient. Therefore, the Court shall not award Plaintiff any attorney's fees for having to file the instant Motion To Remand. See Legg, 428 F.3d at 1323.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Janice Christensen's Motion For Remand (DE 8) be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **REMANDED** to state court;

3. The Clerk of the United States District Court, Southern District of Florida, be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 0736478; and

4. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___15th___ day of May, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court,
Broward County, Florida
Case No. 0736478
(certified copy)